OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the petition dismissed. The certified question should be answered in the negative.
 

 Petitioners’ brief concedes that the dismissal of the third cause of action, from which they have not appealed, moots their first cause of action, and if we accept for purposes of argument their contention that the second and fourth causes of action are properly brought under CPLR article 78, rather than Real Property Tax Law article 7
 
 (see, Hewlett Assoc. v City of New York,
 
 57 NY2d 356), those causes of action are nevertheless barred by limitations (CPLR 217).
 

 Only when taxes have been collected without jurisdiction or in violation of constitutional authority may they be recovered by the taxpayer in a plenary action for money had and received
 
 (Niagara Mohawk Power Corp. v City School Dist.,
 
 59 NY2d 262, 267). Here, however, "even if [petitioners] were granted the entire exemption for accessory use space that they seek [in the second and fourth causes of action], the property would still be subject to taxation by virtue of the 'mini-tax’ provision of section 421-a”
 
 (Hewlett Assoc. v City of New York, supra,
 
 at pp 363-364). Because there was jurisdiction to tax, it was error to deem the fourth cause of action one for money had and received. Whether considered as an incidental claim for damages in an article 78 proceeding or as such a claim in a declaratory judgment action, the fourth cause of action was barred by the four-month limitation period applicable to article 78 proceedings (CPLR 217;
 
 Press v County of Monroe, 50
 
 NY2d 695;
 
 Solnick v Whalen,
 
 49 NY2d 224) as, of course, was
 
 *810
 
 also the second. The petition should, therefore, have been dismissed in its entirety.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Kaye, Alexander and Titone concur in memorandum; Judge Simons taking no part.
 

 Order reversed, etc.