■ In the Matter of OLYMPIC TOWER ASSOCIATES, Respondent, v CITY OF NEW YORK et al., Appellants.—Amended order and judgment (one paper), Supreme Court, New York County (Alfred M. Ascione, J.), entered July 12, 1985, which granted petitioner's CPLR article 78 petition and fixed the total real estate tax properly due for petitioner's real property for the tax year 1978/1979 and directed that petitioner recover from respondents the difference between that sum and the tax actually paid, unanimously reversed, on the law, and the petition dismissed, without costs.

In this article 78 proceeding, petitioner challenges the com-

putation of the real estate tax assessment of its property, the Olympic Tower, pursuant to the exemption it would have been entitled to under Real Property Tax Law § 421 (now § 421-a) for the tax year 1978/1979. That tax liability was imposed on July 1, 1978 when petitioner received notice of the tax amount due. Petitioner first made a demand for refund of such 1978/1979 tax on April 20, 1983 and served an amended demand on May 27, 1983. The instant proceeding was commenced on June 29, 1983.

An article 78 proceeding must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner (CPLR 217).

Here, the determination was final and binding upon receipt of the notice of tax liability and an article 78 proceeding challenging that determination was required to be brought within four months of that date (*Matter of Trizec W. v City of New York*, 66 NY2d 807). The instant proceeding, commenced almost five years after the receipt of notice of tax liability, is untimely and must be dismissed. That petitioner made a demand for refund in 1983 cannot serve to alter the fact that the determination was already final in 1978, when the notice of tax liability was mailed and received. Concur—Kupferman, J. P., Fein, Milonas, Rosenberger and Ellerin, JJ.