OPINION OF THE COURT
Alexander, J.
Kahal Bnei Emunim (Kahal) is a religious corporation which operates a religious and educational institution in Brooklyn, New York. It enjoys Federal income tax exemption under section 501 (c) (3) of the Internal Revenue Code (26 USC) and its Brooklyn property has been exempted from real estate taxes by the City of New York.
In November 1985 it purchased a summer camp in the Town of Fallsburg, Sullivan County, to be used by its students for study and recreation during the summer. It does not appear that this property had previously been exempted from real property taxes or that Kahal took any steps to secure or claim tax-exempt status for the property following its acquisition. Thus the property was assessed as being fully taxable for 1987 State and county taxes and school taxes for 1986/1987 *199 based on its status on March 1, 1986, the taxable status date. Kahal challenged this assessment, asserting its entitlement to a total exemption as a religious corporation. The matter was resolved through a stipulation entered into between Kahal, the Town of Fallsburg and the Fallsburg Assessor on March 13, 1987, which provided that Kahal was "entitled to a real property tax exemption * * * for fiscal years beginning after March 1, 1986, to wit, school taxes, July 1, 1986 and State and County taxes January 1, 1987” and that "[a]ny real property tax assessed for school taxes after July 1, 1986 and State and County taxes after January 1, 1987 shall be cancelled, including the attached bills”. That stipulation was "So ordered” by Supreme Court on May 22, 1987.
Kahal did not apply for tax exemption for either 1987 or 1988. Consequently, "based upon [his] knowledge of the appearance^] of the property on the[ir] tax status date[s] [March 1, 1987 and March 1, 1988]” the Fallsburg Town Assessor placed the property on the tentative tax roll as fully taxable for both years. Kahal did not challenge the 1987 tentative assessment and that assessment listing the property as fully taxable became final on July 1, 1987. The 1988 tentative assessment was protested, however. Kahal filed a grievance with the Board of Assessment Review, but the grievance was dismissed[1] and the property was listed as fully taxable on the final assessment roll for 1988. None of these taxes were paid.
In July 1988, alleging that as a religious corporation it is entitled to exemption from real property taxes pursuant to Real Property Tax Law § 420-a, Kahal commenced this declaratory judgment action against the Town of Fallsburg, the Fallsburg Town Tax Collector and Sullivan County seeking a declaration voiding the tax assessments and liens imposed upon the subject real property pursuant to the 1987 and 1988 assessments, and declaring that property tax exempt so long as it is owned by Kahal and used for its corporate purposes.
The defendants Town of Fallsburg and the Fallsburg Town Tax Collector answered asserting as affirmative defenses the Statute of Limitations in respect to the 1987 assessment, Kahal’s failure to "make timely and complete applications for tax exemption as required by statute and regulations”, and that based upon the information available to him, the assessor *200 made a good-faith determination that the property was not entitled to tax exemption.
Supreme Court denied Kahal’s summary judgment motion and granted summary judgment to the defendants, dismissing the complaint, concluding that the challenge to the 1987 assessment was barred by the Statute of Limitations and that by reason of its failure to make timely application upon forms prescribed by the State Board of Equalization and Assessment, Kahal failed to carry its burden of demonstrating its entitlement to exemption. The court also rejected KahaPs contention that under res judicata principles, the 1986 exemption barred defendants from assessing its property as fully taxable.
The Appellate Division affirmed Supreme Court’s grant of summary judgment to the defendants, but modified that court’s order to declare in favor of the defendants rather than dismissing the complaint. The Appellate Division agreed that the challenge to the 1987 assessment was time barred as not having been brought within four months of the final assessment and relying in part on its prior decision in Matter of St. Agnes Church v Daby (148 AD2d 31) rejected Kahal’s contention that defendants were barred by the stipulation settling the challenge to the 1986 assessment and that its property was automatically exempt pursuant to Real Property Tax Law § 420-a. That court concluded as it had in St. Agnes Church (supra) that applications for such exemptions are required in all cases except where an on-site inspection by the assessor reveals the tax-exempt status of the property and that "the property’s physical appearance on the respective status dates did not justify the conclusion that it was exempt” (161 AD2d 943, 944). This Court granted leave to appeal and we now modify the order of the Appellate Division.
I
Kahal argues on this appeal that the courts below erred in concluding that its challenge to the 1987 assessment was time barred. It argues that because it is a religious corporation its property is fully exempt from real estate taxes and the assessor does not have jurisdiction to place its property on the tax rolls. Thus a challenge to the assessment of its property for purposes of taxation may be challenged at any time in a plenary action, and need not be commenced within the four-month time limitation imposed by article 78 of the CPLR. Kahal argues further that its entitlement to an exemption *201 cannot lawfully be made to depend upon its "timely” filing of an application for exemption on forms prescribed by the State Board of Equalization and Assessment. Moreover, Kahal contends, inasmuch as its tax-exempt status had been established by virtue of the stipulation vacating the assessments for the 1986/1987 school taxes and the 1987 State and county taxes, it was entitled to the exemption in subsequent years; that if the Town intended to revoke its exemption notice of such intention was required and the burden of establishing that the property was no longer entitled to exemption rested with the Town.
 While we agree with Kahal that its entitlement to exemption from taxation cannot be made to depend on the timely filing of an application, we conclude that a challenge to such an assessment must be made within the four-month time limitation applicable to proceedings pursuant to CPLR article 78.
II
A
We begin our analysis by observing that the Legislature has declared that "[a]ll real property within the state shall be subject to real property taxation * * * unless exempt therefrom by law” (RPTL 300).
Real Property Tax Law § 420-a expresses the Legislature’s intent in respect to the mandatory exemption of real property owned by nonprofit organizations enumerated therein and provides that:
"1. (a) Real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, or moral or mental improvement of men, women or children purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section.”
Thus the Legislature has declared that only nonexempt real property shall be subject to real property taxes and that certain specified property shall be entitled to a mandatory exemption. In respect to property of a religious corporation, *202 the Legislature has only required, as a threshold matter,[2] that it be "owned by a corporation * * * organized or conducted exclusively for religious * * * purposes * * * and [be] used exclusively for carrying out thereupon one or more of such purposes”. There is no requirement in section 420-a that in order for the property of such a corporation to be exempted from real property taxes the corporation must complete and file any prescribed application forms.
Respondents argue however, and the courts below agreed, that in order to be entitled to such a mandatory exemption the religious corporation must have timely completed and filed an application for exemption on forms prescribed by the State Board of Equalization and Assessment (SBEA). The argument is that in enacting RPTL 202 (1) (h) which provides that the SBEA shall "[prescribe and * * * furnish to assessors * * * forms relating to assessments, including applications for exemption from real property taxation, which forms shall be used by the assessors and the use of which shall be enforced by the [B]card”, the Legislature intended to empower the Board to prescribe forms and promulgate regulations in respect to their use, in respect to all exempt property including that in the mandatory class.
In implementation of this alleged legislative empowerment, the SBEA has promulgated regulations which require that:
"(c) For each exemption which is entered on the tentative assessment roll, [the assessor must] retain in the office files either:
"(1) a properly completed application form whenever the State Board of Equalization and Assessment has prescribed an application form for exemption from real property taxation; or
"(2) if an application form for a nonprofit organization (mandatory class) exemption pursuant to section 420-a of the Real Property Tax Law has not been filed, a certified statement signed by the assessor that he or she has examined the property for which exemption has been granted and that all of the statutory requirements of section 420-a are satisfied.” (9 NYCRR 190-1.4 [c].)
Respondents conclude based upon RPTL 202 (1) (h) and 9 *203 NYCRR 190-1.4 (c) that since Kahal failed to file for an exemption on forms provided by the SBEA and since an on-site inspection by the assessor failed to reveal that the property was entitled to exemption from real property taxes, summary judgment was properly granted as a matter of law. They rely upon Matter of St. Agnes Church v Daby (148 AD2d 31, supra), Matter of Faculty-Student Assn. v Town of Lyndon (137 Misc 2d 1057), and an opinion of the counsel to the State Board of Equalization and Assessment (see, 8 Opns Counsel SBEA No. 51) as authority for this conclusion.
We disagree and reject these arguments. As noted above there is no provision in RPTL 420-a conditioning entitlement to a mandatory property tax exemption upon the filing of an application. The language is clear and unambiguous; the property described therein owned and used as therein provided "shall be exempt from taxation”. By contrast RPTL 420-b which relates to tax exemptions for a permissive class of nonprofit organizations provides that the real property of the organizations described therein shall be exempt from taxation only in the absence of a local law ordinance or resolution providing otherwise and that "[a]n exemption may be granted pursuant to [that] section only upon application made by the owner of the property on a form prescribed by the [State Board of Equalization and Assessment]”. (RPTL 420-b [7].) It is noted that in amending the Real Property Tax Law in 1981 (see, L 1981, ch 919) to, inter alla, renumber former section 420 as 420-a and to add section 420-b, including the provisions of subdivision (7) requiring the filing of an application for exemption, no such requirement was imposed in respect to exemptions under section 420-a. Thus it may reasonably be inferred that the Legislature did not intend to impose any such requirement in respect to mandatory class exemptions.
We hold therefore that the Legislature’s authorization to SBEA to prescribe and furnish to assessors forms relating to assessments "including applications for exemption from real property taxation” (RPTL 202 [1] [h]) did not give SBEA the authority to require the execution and filing of such forms as a condition to entitlement to an exemption as of right under RPTL 420-a (see, Matter of Thorgeirsdottir v New York City Loft Bd., 77 NY2d 951, affg 161 AD2d 337). To the extent that the SBEA regulation embodied in 9 NYCRR 190-1.4 (c) purports to impose such a condition, it constitutes an illegal addendum to the statute which departs from and is inconsistent with the language of RPTL 420-a and the legislative *204 intent expressed therein. Neither the SBEA nor the courts may "thus materially change[ ] and restrict[] the clear and unambiguous terms of the law.” (Williams Inst. Colored M. E. Church v City of New York, 275 App Div 311, 313, affd 300 NY 716.)
Indeed, an administrative agency may not promulgate a regulation that adds a requirement that does not exist under the statute. As we have only recently reiterated " ' "[administrative agencies can only promulgate rules to further the implementation of the law as it exists; they have no authority to create a rule out of harmony with the statute” ’ ” (Matter of McNulty v State Tax Commn., 70 NY2d 788, 791, quoting Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., 45 NY2d 471, 480).
We conclude therefore that the courts below erred in granting summary judgment to defendants in respect to the 1988 assessment.
B
Kahal’s challenge to the 1987 assessment however was properly dismissed as being time barred.[3] Its argument that because its property is mandatorily exempt, the assessor lacked jurisdiction to place the property on the assessment roll as fully taxable and therefore the assessment is illegal and a nullity that may be challenged at any time in a plenary action, must be rejected.
Challenges to real property assessments which allege that the assessment is "excessive, unequal or unlawful, or that the real property is misclassified” (RPTL 706) normally must be asserted in a certiorari proceeding pursuant to article 7 of the Real Property Tax Law. Such a proceeding is the taxpayers’ exclusive remedy by which instances of illegality, overvaluation or inequality as to assessments may be asserted (RPTL 700; see, Niagara Mohawk Power Corp. v City School Dist., 59 NY2d 262). Implicit in such a challenge is a concession of the assessor’s jurisdiction over the property in question (Dun & Bradstreet v City of New York, 276 NY 198, 206; Stabile v Half Hollow Hills Cent. School Dist., 83 AD2d 945, 946).
However, where the challenge is that the taxing authority *205 has exceeded its power, a plenary action may be brought collaterally attacking the assessment. The procedures of article 7 need not be followed because the assessment is void (Niagara Mohawk Power Corp. v City School Dist., 59 NY2d 262, 269, supra). In Hewlett Assocs. v City of New York (57 NY2d 356, 363) we observed that "[i]t is well recognized that where a challenge is made to the taxing authority’s jurisdiction over the subject property, the settled rule that reviews of a tax assessment may be obtained only by way of the statutory certiorari procedure is not applicable”. We noted in Dun & Bradstreet v City of New York (276 NY 198, 206, supra) that "[i]f taxing officers act without jurisdiction, their acts are illegal and void. In such a case, certiorari is not an adequate remedy even if a proper one.”
The "void” assessment may be challenged in an article 78 proceeding or in a declaratory judgment action (see, Matter of Watchtower Bible & Tract Socy. v Lewisohn, 35 NY2d 92 [improper withdrawal of prior exemption]; Troy Towers Redevelopment Co. v City of Troy, 51 AD2d 173, affd on opn below 41 NY2d 816; Lee and LeForestier, Review and Reduction of Real Property Assessments in New York § 10.09 [2d ed]). Kahal’s argument that such a declaratory judgment action is governed either by those cases which hold that an equity action to "clear a cloud on title” may be brought at any time or by the "catch-all” six-year limitation of CPLR 213 (1) is without merit. In Solnick v Whalen (49 NY2d 224, 229) we noted that that six-year limitation does not "automatically or necessarily governQ all such actions.” Rather we pointed out that if an examination of the substance of the relationship out of which the claim arises "reveals that the rights of the parties sought to be stabilized in an action for declaratory relief are, or have been, open to resolution through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action.” (Id., at 229-230; see also, Press v County of Monroe, 50 NY2d 695.)
It is not disputed that a challenge to a "void” assessment may properly be brought in an article 78 proceeding, "a form of proceeding for which a specific limitation period is statutorily provided.” Thus Kahal’s challenge to the 1987 assessment, to have been timely, must have been brought within four months from the time that the 1987 assessment became final as required by CPLR article 78.
*206 c
Finally we note that inasmuch as the courts below determined, as a matter of law, that Kahal was not entitled to tax exemption for 1988 because of its failure to timely file an application, no issue was raised as to Kahal’s entitlement to the exemption otherwise. Since we conclude that that legal determination was error, we modify the Appellate Division and grant summary judgment to Kahal in respect to that 1988 assessment. Thus we need not consider the argument raised by Kahal as to the res judicata effect of the 1987 stipulation.
Accordingly, the order of the Appellate Division should be modified, without costs, by granting in part plaintiff’s motion for summary judgment, denying in part defendants’ cross motion for summary judgment, and declaring plaintiff’s property exempt from real property taxation for the year 1988, and, as so modified, affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order modified, etc.

. The record does not disclose the basis for the dismissal of this grievance.

. Although other subdivisions of RPTL 420-a set forth various qualifications such an organization must meet, no argument is made here that Kahal fails to meet any of those qualifications.

. No issue as to Kahal’s having received timely notice of the assessment is raised.