■ XEROX CORPORATION, Respondent, v TOWN OF WEBSTER et al., Appellants. [612 NYS2d 734] —Order unanimously affirmed

without costs. Memorandum: Plaintiff Xerox Corporation (Xerox) commenced this action under 42 USC § 1983 seeking relief from alleged civil rights violations in connection with tax assessments levied upon property owned by Xerox. Contrary to defendants' contention, the 1987 settlement agreement between the parties does not bar Xerox's section 1983 action. The settlement agreement by its unambiguous terms was "made only for the purpose of resolving pending litigation". The section 1983 action was not pending at the time the agreement was entered into, and the agreement therefore does not affect it.

Supreme Court properly denied defendants' motion to dismiss the third and fourth causes of action. Real Property Tax Law article 7 does not provide the exclusive method to contest a tax assessment. Where the taxing authority's jurisdiction is challenged, the procedures of RPTL article 7 need not be followed (Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 204-205, rearg denied 78 NY2d 1008). Furthermore, the fact that Xerox had previously commenced an RPTL article 7 proceeding concerning tax assessment of its property does not mandate dismissal of the section 1983 action because the two actions are distinct with respect to both the parties and the relief sought. They may each be allowed, therefore, to continue (see, Morgulas v Yudell Realty, 161 AD2d 211).

Finally, we reject defendants' contention that Xerox should be estopped from referring to defendants' pre-1992 conduct by virtue of the 1987 settlement agreement. The 1987 settlement agreement was limited in scope and did not purport to resolve all differences between the parties. Xerox does not seek reimbursement for the taxes paid for the years covered by the 1987 settlement agreement but rather seeks, inter alia, money damages arising from an alleged 30-year pattern of discrimination. We conclude that Xerox should not be estopped from adducing relevant proof of any discriminatory practices by defendants.

Defendants' remaining contentions are not properly before this Court because they are not preserved for review (see, Matter of Ouimet v Ouimet, 186 AD2d 1002; MacMaster v Sardina, 182 AD2d 1132, 1133). (Appeal from Order of Supreme Court, Monroe County, Wisner, J.—Dismiss Complaint.) Present—Denman, P. J., Lawton, Fallon, Doerr and Davis, JJ.