McCooe, J.
(concurring). The controlling issue is whether the regulation promulgated by the Department of Consumer Affairs requiring all home improvement contracts to be in writing is valid. I find that it is not because it was promulgated in excess of its authority.
The purpose for this legislation is to require persons engaged in home improvements to be licensed. (Administrative Code of City of NY § 20-385.) It delegated to the Department of Consumer Affairs the power to make "such rules and regulations not inconsistent with the provisions of this subchapter, as may be necessary with respect to the form and content of applications for licenses * * * and [for] other matters incidental or appropriate to his or her powers and duties” (Administrative Code § 20-391).
Administrative Code § 20-386 (6) defines a home improvement contract as "an agreement, whether oral or written”. Consumer Affairs enacted a regulation requiring all home improvement contracts to be in writing. (6 RCNY 2-221.)
An administrative agency "may not promulgate a regulation that adds a requirement that does not exist under the statute”. (Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 204.) It may not use its rule-making power "as a license to correct whatever societal evils it perceives”. (Boreali v Axelrod, 71 NY2d 1, 9.) "[T]he failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended”. (Pajak v Pajak, 56 NY2d 394, 397.)
*524 Mandating a written contract added a requirement excluded by the City Council is invalid. Consumer Affairs exceeded its delegated authority to implement rules to administer the legislation and legislated in the guise of rule making.
This ground for reversal, although not previously raised, is proper since it involves a question of statutory construction which could not be countered by any factual showing. (Telaro v Telaro, 25 NY2d 433, 439.)
Parness, J. P., and Freedman, J., concur; McCooe, J., concurs in a separate memorandum.