■ In the Matter of ZEN CENTER OF SYRACUSE, INC., Respondent, v JOHN C. GAMAGE, Commissioner, Department of Assessment of City of Syracuse, County of Onondaga, State of New York, Appellant. [943 NYS2d 346]—

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered August 1, 2011 in a proceeding pursuant to CPLR article 78. The judgment granted the amended petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner is a not-for-profit corporation "organized and operated for the furtherance of the Zen Buddhist religion and activities related thereto." Petitioner owns property in the City of Syracuse, which it uses as a residential and dining facility for students of Zen Buddhism and visiting clergy. Petitioner commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking a real property tax exemption pursuant to RPTL 420-a (1) (a). Respondent appeals from a judgment granting the amended petition and determining that petitioner is tax exempt for the 2010 tax year. We shall treat this as a proceeding solely pursuant to CPLR article 78 inasmuch as petitioner may thereby obtain the relief sought, without the necessity of a declaration. We affirm.

Contrary to respondent's contention, "there is no requirement that an application be filed to obtain an RPTL 420-a exemption" (*Matter of Eternal Flame of Hope Ministries, Inc. v King*, 76 AD3d 775, 777 [2010], *affd* 16 NY3d 778 [2011]; *see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d 194, 201-204 [1991], *rearg denied* 78 NY2d 1008 [1991]). Thus, Supreme Court properly granted

petitioner the RPTL 420-a exemption, despite the fact that petitioner did not file an application for an exemption with respondent (see *Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel*, 78 NY2d at 201-204).

Respondent further contends that the court erred in granting petitioner the RPTL 420-a exemption because petitioner failed to commence a tax certiorari proceeding pursuant to RPTL article 7 (see generally RPTL 706). We reject that contention. RPTL 420-a (1) (a) provides a mandatory tax exemption for "[r]eal property owned by a corporation . . . organized or conducted exclusively for religious . . . purposes, and used exclusively for carrying out thereupon . . . such purposes." According to petitioner, respondent "wrongfully and illegally failed to classify [the property] as exempt religious property . . . ." A "proceeding commenced to challenge the denial of a mandatory exemption is, in essence, a challenge to the taxing authority's jurisdiction over the subject property" (*Eternal Flame of Hope Ministries, Inc.*, 76 AD3d at 777; see *Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel*, 78 NY2d at 204-205; *Hewlett Assoc. v City of New York*, 57 NY2d 356, 363-364 [1982]; see also *Xerox Corp. v Town of Webster*, 204 AD2d 990, 991 [1994]). "It is well recognized that where a challenge is made to the taxing authority's jurisdiction over the subject property, the settled rule that review of a tax assessment may be obtained only by way of the statutory certiorari procedures is not applicable" (*Hewlett Assoc.*, 57 NY2d at 363; see *Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel*, 78 NY2d at 205; *Xerox Corp.*, 204 AD2d at 991). Thus, inasmuch as petitioner contends that the property is wholly exempt from taxation pursuant to RPTL 420-a (1) (a), "review by way of collateral proceedings is appropriate" (*Hewlett Assoc.*, 57 NY2d at 363; see *Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel*, 78 NY2d at 204-205; see also *Xerox Corp.*, 204 AD2d at 991).

Contrary to respondent's contention, petitioner met its burden of establishing that the subject property is used exclusively in furtherance of its religious purpose (see RPTL 420-a [1] [a]; see e.g. *Congregation Rabbinical Coll. of Tartikov, Inc. v Town of Ramapo*, 17 NY3d 763, 764 [2011]; *Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown*, 10 NY3d 205, 215-216 [2008]). Respondent's remaining contentions are not preserved for our review (see *Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]; see generally *Matter of County of Niagara v Daines*, 79 AD3d 1702, 1704 [2010], *lv denied* 17 NY3d 703 [2011]) and, in any event, they are without merit. Present—Centra, J.P., Carni, Lindley, Sconiers and Martoche, JJ.