# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**291**

**CA 11-02072**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF ZEN CENTER OF SYRACUSE, INC.,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHN C. GAMAGE, COMMISSIONER, DEPARTMENT OF
ASSESSMENT OF CITY OF SYRACUSE, COUNTY OF
ONONDAGA, STATE OF NEW YORK,
RESPONDENT-APPELLANT.

---

MARY ANNE DOHERTY, CORPORATION COUNSEL, SYRACUSE (SHANNON M. JONES OF COUNSEL), FOR RESPONDENT-APPELLANT.

CLIFFORD FORSTADT, DEWITT (ROBERT TEMPLE OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered August 1, 2011 in a proceeding pursuant to CPLR article 78. The judgment granted the amended petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner is a not-for-profit corporation "organized and operated for the furtherance of the Zen Buddhist religion and activities related thereto." Petitioner owns property in the City of Syracuse, which it uses as a residential and dining facility for students of Zen Buddhism and visiting clergy. Petitioner commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking a real property tax exemption pursuant to RPTL 420-a (1) (a). Respondent appeals from a judgment granting the amended petition and determining that petitioner is tax exempt for the 2010 tax year. We shall treat this as a proceeding solely pursuant to CPLR article 78 inasmuch as petitioner may thereby obtain the relief sought, without the necessity of a declaration. We affirm.

Contrary to respondent's contention, "there is no requirement that an application be filed to obtain an RPTL 420-a exemption" (*Matter of Eternal Flame of Hope Ministries, Inc. v King*, 76 AD3d 775, 777, *affd* 16 NY3d 778; *see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d 194, 201-204, *rearg denied* 78 NY2d 1008). Thus, Supreme Court properly granted petitioner the RPTL 420-a exemption, despite the fact that petitioner did not file an

application for an exemption with respondent (*see Kahal Bnei Emunim &
Talmud Torah Bnei Simon Israel*, 78 NY2d at 201-204).

Respondent further contends that the court erred in granting
petitioner the RPTL 420-a exemption because petitioner failed to
commence a tax certiorari proceeding pursuant to RPTL article 7 (*see
generally* RPTL 706).  We reject that contention.  RPTL 420-a (1) (a)
provides a mandatory tax exemption for "[r]eal property owned by a
corporation . . . organized or conducted exclusively for religious . .
. purposes, and used exclusively for carrying out thereupon . . . such
purposes . . . ."  According to petitioner, respondent "wrongfully and
illegally failed to classify [the property] as exempt religious
property . . . ."  A "proceeding commenced to challenge the denial of
a mandatory exemption is, in essence, a challenge to the taxing
authority's jurisdiction over the subject property" (*Eternal Flame of
Hope Ministries, Inc.*, 76 AD3d at 777; *see Kahal Bnei Emunim & Talmud
Torah Bnei Simon Israel*, 78 NY2d at 204-205; *Hewlett Assoc. v City of
New York*, 57 NY2d 356, 363-364; *see also Xerox Corp. v Town of
Webster*, 204 AD2d 990, 991).  "It is well recognized that where a
challenge is made to the taxing authority's jurisdiction over the
subject property, the settled rule that review of a tax assessment may
be obtained only by way of the statutory certiorari procedures is not
applicable" (*Hewlett Assoc.*, 57 NY2d at 363; *see Kahal Bnei Emunim &
Talmud Torah Bnei Simon Israel*, 78 NY2d at 205; *Xerox Corp.*, 204 AD2d
at 991).  Thus, inasmuch as petitioner contends that the property is
wholly exempt from taxation pursuant to RPTL 420-a (1) (a), "review by
way of collateral proceedings is appropriate" (*Hewlett Assoc.*, 57 NY2d
at 363; *see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel*, 78
NY2d at 204-205; *see also Xerox Corp.*, 204 AD2d at 991).

Contrary to respondent's contention, petitioner met its burden of
establishing that the subject property is used exclusively in
furtherance of its religious purpose (*see* RPTL 420-a [1] [a]; *see e.g.
Congregation Rabbinical Coll. of Tartikov, Inc. v Town of Ramapo*, 17
NY3d 763, 764; *Matter of Adult Home at Erie Sta., Inc. v Assessor &
Bd. of Assessment Review of City of Middletown*, 10 NY3d 205, 215-216).
Respondent's remaining contentions are not preserved for our review
(*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985; *see generally
Matter of County of Niagara v Daines*, 79 AD3d 1702, 1704, *lv denied* 17
NY3d 703) and, in any event, they are without merit.

Entered:  April 27, 2012                        Frances E. Cafarell
                                                Clerk of the Court