■ RAY O. EVANGELISTA, Also Known as ORAZIO EVANGELISTA, Suing on Behalf of Himself and of All Other Persons Similarly Situated, Respondent, v. JOHN LONGO et al., Appellants.— In a stockholder's derivative action for an accounting and for other relief, defendants appeal from so much of an order of the Supreme Court, Queens County, dated November 3, 1960, as grants plaintiff's motion to strike out, as patently insufficient in law, the first separate defense of estoppel and the third separate defense of "unclean hands" pleaded in defendants' answer to the amended complaint. Order, insofar as appealed from, reversed, with $10 costs and disbursements; and, as to said first and third defenses, plaintiff's motion is denied. Plaintiff, and the individual defendants other than Diamond, are the sole stockholders of the corporate defendant. Plaintiff was also an officer and director of the corporation. The amended complaint alleges waste and diversion of corporate assets. The answer, *inter alia*, alleges as defenses that the disbursements complained of were approved and, in many instances, initiated by plaintiff, who personally benefited therefrom. In our opinion, it was error to strike out the first and third separate defenses alleging estoppel and the doctrine of "unclean hands"; they are legally sufficient (*Capitol Wine & Spirit Corp.* v. *Pokrass*, 277 App. Div. 184, affd. 302 N. Y. 734; *Ripley* v. *Colwell*, 206 Misc. 46; *Diamond* v. *Diamond*, 307 N. Y. 263). Beldock, Kleinfeld, Christ and Brennan, JJ., concur; Nolan, P. J., concurs in result.

■ MORRIS GARR et al., Appellants, v. GEORGE WEIDNER, Respondent.— In a negligence action by the female plaintiffs to recover damages for personal injuries sustained when they were struck by a motor vehicle owned and operated by the defendant, and by their husbands to recover damages for medical expenses and loss of services, plaintiffs appeal: (1) from an order of the Supreme Court, Kings County dated November 25, 1959, denying, with leave to renew, their motion for a preference, pursuant to rule 9 of the Kings County Supreme Court Rules; (2) from so much of an order of said court dated June 14, 1960, as, on reconsideration, adhered to the original decision denying the preference; and (3) from an order of said court dated January 17, 1961, denying plaintiffs' motion for reargument. Plaintiffs contend that the physicians' affidavits establish prima facie that the personal injuries consist of post concussional syndromes and associated injuries of a serious and permanent nature. The reports of a court-designated physician state that all neurological tests showed negative results and that the complaints of the injured parties are psychogenic in origin. Order dated June 14, 1960, insofar as appealed from, affirmed, with $10 costs and disbursements. The record fails to establish that there was an abuse of discretion in denying the preference. Appeal from order dated November 25, 1959, dismissed. That order was superseded by the later order of June 14, 1960. Appeal from order dated January 17, 1961, dismissed. No appeal lies from an order denying a motion for reconsideration or reargument. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.