■ METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents, v CITY OF NEW YORK et al., Appellants.—Judgment, Supreme Court, New York County, entered September 30, 1977, which, inter alia, granted plaintiffs' motion for summary judgment and declared that the whole of Grand Central Station is tax-exempt since January 1, 1971, and denied defendants' cross motion for summary judgment dismissing the ninth, tenth, and eleventh causes of action, unanimously modified, on the law, to the extent of dismissing the ninth cause of action and otherwise affirmed, without costs or disbursements. The Metropolitan Transportation Authority (MTA) is the sublessee of Grand Central Station. Title to Grand Central Station (GCS), the land and its improvements, known collectively as Grand Central Station, is held by Penn Central Transportation Company, New York and Harlem Railroad Company, and Despatch Shops, Inc. MTA has had the right since June 1, 1971 to use GCS pursuant to a "Joint Facilities Agreement" and since June 1, 1972 as sublessee of GCS. MTA brought this action seeking a declaration that the commercial property which it leases is tax-exempt pursuant to section 1275 of the Public Authorities Law. This relief is sought in the first 8 causes of action alleged. The ninth cause of action seeks permanent injunctive relief against the City of New York to prevent its collecting taxes against the property. The tenth cause of action seeks reimbursement for taxes improperly paid to the city in 1970-1972 by Penn Central. The eleventh cause of action seeks indemnity from the city for any taxes MTA must pay pursuant to section 1277 of the Public Authorities Law. Property leased by the MTA and "used for transportation purposes" is tax exempt (Public Authorities Law, § 1275). Special Term found that those portions of GCS which are used as food stores, drugstores, and other commercial enterprises, and which cater to both commuters and passersby, are nonetheless being used for transportation purposes; the MTA was held entitled to tax relief pursuant to section 1275 of the Public Authorities Law with regard to those areas. We agree. The commercial enterprises create revenue for the MTA and are incidental to transportation upon railroad facilities (Public Authorities Law, § 1261, subd 7; Bush Term. Co. v City of New York, 282 NY 306, 321; Courtesy Sandwich Shop v Port of N. Y. Auth., 12 NY2d 379, 389). We are also in agreement with Special Term that the tenth cause of action seeking reimbursement for portions of real property tax paid from 1970-1972 should not have been dismissed. There is a dispute among the parties whether or not timely protest was made regarding those taxes, and denial of summary judgment regarding this cause of action was proper. Similarly, the city's motion to dismiss the eleventh cause of action was properly denied. That motion is one for indemnity from the city pursuant to section 1277 of the Public Authorities Law. In the event the MTA does not succeed in obtaining reimbursement under the tenth cause of action, it may be entitled to the indemnity claimed in the eleventh cause of action. We would, however, treat differently with the ninth cause of action seeking permanently to enjoin the City of New York from imposing real property taxes on GCS. There is no indication that the City of New York will not abide by the ruling of the court confirming the tax-exempt status of the property. Furthermore, should the city seek to assess the MTA, there are available adequate remedies at law, e.g., a proceeding to review an assessment of real property (Real Property Tax Law, art 7). Under these circum-

stances, the MTA is not entitled to injunctive relief. Concur—Kupferman, J. P., Birns, Lane and Silverman, JJ.