■ MARINE MIDLAND BANK, Appellant, v DAVID M. CONNELLY, Respondent, et al., Defendant. — Order unanimously reversed, without costs, and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: Plaintiff creditor seeks to recover on a secured note. Special Term granted it summary judgment on liability only

and referred the matter for proof of damages. After trial on that issue, the court held that plaintiff had impliedly elected to take the property securing the note in full satisfaction of the debt and it awarded plaintiff judgment for costs and attorney's fees only. We agree with the court that plaintiff took possession of the security. We have previously held, however, that an election to retake security in full satisfaction of a debt may not be implied *(Flickinger Co. v 18 Genesee Corp.,* 71 AD2d 382), and the court should not have done so here. The matter is remitted to Special Term to establish the amount of the debt, any credit against it and the deficiency, if any, which plaintiff is entitled to recover. In remitting we point out that defendants are entitled to assert any claim they may have under the provisions of section 9-507 of the Uniform Commercial Code (see, also, *Stanchi v Kemp,* 48 AD2d 973). (Appeal from order of Onondaga Supreme Court — promissory note.) Present — Dillon, P. J., Simons, Schnepp, Callahan and Doerr, JJ.