■ In the Matter of FRED J. SZELEGA et al., Respondents, v FAREGA REALTY CORPORATION, Appellant. — Appeal from an order of the Supreme Court at Special Term (Tait, Jr., J.), entered March 3, 1983 in Broome County, which granted petitioners' application, in a proceeding pursuant to section 624 of the Business Corporation Law, to inspect the corporate records and books of Farega Realty Corporation. The facts of this case are not disputed. Respondent is a New York corporation whose principal asset is an apartment complex. Respondent was formed in 1967 by petitioners Fred J. Szelega and Mary Szelega and one Ed Farrell for the purpose of building the aforesaid apartment complex. In 1969, because of some difficulty respondent was experiencing in meeting its payments, Dolores O'Hara, the present president of respondent, contributed $20,000 to the corporation, by virtue of which she became a one-third owner of the corporation. At this time, there were 18 shares of stock; six shares to petitioners, six shares to Ed Farrell, and six shares to Dolores O'Hara. Sometime between 1970 and 1972, Ed Farrell transferred his interest in respondent to Dolores O'Hara. On July 10, 1968, petitioners borrowed $8,000 from O'Hara and at the same time pledged their six shares in respondent as collateral security. Petitioners only made payments under the promissory note until July 2, 1975, and to this date have made no further payments.

On November 16, 1982, petitioners, through their attorney, served upon respondent's attorney a notice to inspect the corporate records. In a letter dated December 3, 1982, respondent's attorney denied said request claiming that petitioners were no longer shareholders in the corporation. This contention is based on the fact that on August 27, 1975, Dolores O'Hara *verbally* notified Fred Szelega that, due to his default in payment, she was exercising her rights to the stock held as collateral. Consequently, it is O'Hara's contention that as of August 27, 1975, she has been the legal holder of petitioners' stock. By application dated December 15, 1982, petitioners sought an order, pursuant to section 624 of the Business Corporation Law, permitting them to inspect respondent's books and records. Special Term granted the application and this appeal ensued. Respondent's primary argument on appeal is that petitioners are not shareholders and, therefore, are not entitled to inspection under section 624 of the Business Corporation Law. The basis for this argument is that when petitioners defaulted on the promissory note, which pledged the stock as collateral for an $8,000 loan, they forfeited the stock and Dolores O'Hara became the owner. In this regard, O'Hara maintains that she elected to retain the stock in full satisfaction of the debt pursuant to subdivision (2) of section 9-505 of the Uniform Commercial Code. The parties agree that the pledge of stock was a secured transaction governed by article 9 of the Uniform Commercial Code. Part 5 of article 9 sets forth the remedies and rights of both parties upon a default. A secured party may, after default, "sell, lease or otherwise dispose of * * * the collateral" (Uniform Commercial Code, § 9-504, subd [1]), or he may "propose to retain the collateral in satisfaction of the obligation" (Uniform Commercial Code, § 9-505, subd [2]). If the secured party chooses the latter option, the statute provides that *"[w]ritten notice* of such proposal shall be sent to the debtor" (Uniform Commercial Code, § 9-505, subd [2]; emphasis added). Although respondent concedes that no written notice was given to petitioners, it contends that O'Hara's oral notification to Fred Szelega that she intended to retain the collateral was sufficient for purposes of the statute. Petitioners contend, however, that *written* notice is mandated and therefore O'Hara did not obtain the stock under subdivision 2 of section 9-505 of the Uniform Commercial Code. The Fourth Department has held that a secured party's election to take the collateral in full satisfaction of the debt "should not be implied when the means for certainty are spelled out in the statute" (*Flickinger Co. v 18 Genesee Corp.,* 71 AD2d 382, 386; see, also, *Marine Midland Bank v Connelly,* 79 AD2d 1102, 1103). And, although there is no New York case directly on point, other State courts have stated that the Uniform Commercial Code requires written notice (*Roylex, Inc. v Johnson Co.,* 617 SW2d 760 [Tex]; *Stensel v Stensel,* 63 Ill App 3d 639). Since subdivision (2) of section 9-505 of the Uniform Commercial Code specifically requires written notice, we agree that the notice must be in writing to be effective. Consequently, O'Hara did not become the legal owner of the stock and petitioners retained ownership. We have examined respondent's remaining contentions and find them to be without merit. Order affirmed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.