■ In the Matter of FAREGA REALTY CORPORATION, Respondent. FRED J. SZELEGA et al., Appellants.—Harvey, J. Appeal from a judgment of the Supreme Court (Ellison, J.), entered June 6, 1986 in Broome County, which denied petitioners' application, in a proceeding pursuant to Business Corporation Law article 11, to direct the judicial dissolution of Farega Realty Corporation.

Petitioner Fred J. Szelega (hereinafter petitioner) seeks dissolution of a closely held corporation pursuant to Business Corporation Law § 1104-a upon the ground that the majority shareholder has allegedly subjected petitioner to oppressive actions. The corporation which petitioner seeks to dissolve is Farega Realty Corporation (hereinafter the corporation). The only asset and source of income for the corporation is a 20-unit apartment building which has a current market value of approximately $500,000. Petitioner and his wife own six shares of stock in the corporation. Dolores O'Hara owns the remaining 12 shares of the corporation's stock. Since 1970, O'Hara has been the president and treasurer of the corporation.

Internal strife developed and O'Hara allegedly thwarted

petitioner's attempts to inspect the corporate records. In 1975, O'Hara informed petitioner that she was the sole owner of the corporation. Her ground for this assertion was petitioner's default on a loan from her which was secured by his stock in the corporation. In 1983, however, this court held that petitioner still owned the stock he had pledged since O'Hara had failed to notify petitioner in writing of her intention to retain the collateral upon his default (see, Matter of Szelega v Farega Realty Corp., 97 AD2d 874, 875). Thereafter, petitioner applied for judicial dissolution of the corporation. Following a nonjury trial, Supreme Court denied the application and this appeal ensued.

We affirm. The leading case on what constitutes sufficient "oppressive actions" to serve as a basis for judicial dissolution of a corporation pursuant to Business Corporation Law § 1104-a is Matter of Kemp & Beatley (Gardstein) (64 NY2d 63). In that case, Chief Judge Cooke stated that "oppression should be deemed to arise only when the majority conduct substantially defeats expectations that, objectively viewed, were both reasonable under the circumstances and were central to the petitioner's decision to join the venture" (supra, at 73; accord, Matter of Wiedy's Furniture Clearance Center Co., 108 AD2d 81, 84). Whether dissolution is an appropriate remedy is an issue within the sound discretion of the court hearing the application (Business Corporation Law § 1111 [a]; Matter of Kemp & Beatley [Gardstein], supra, at 73; Matter of Wiedy's Furniture Clearance Center Co., supra, at 84).

Here, petitioner's involvement in and expectation of the corporation was primarily that of a passive investor. He did not seek responsibilities in the day-to-day management nor did he expect the corporation to provide him with an occupation. There is insufficient evidence of disparity between petitioner and O'Hara regarding financial return from the corporation to support a claim of oppression. Petitioner's initial investment of $20,000 has resulted in one-third ownership of a corporation with assets valued at approximately $500,000. The failures complained of by petitioner include O'Hara's laxness in maintaining certain records, her failure to regularly consult with petitioner, her erroneous belief that she was the sole owner of the corporation, and her failure to cooperate in allowing him access to the corporate records. We are unable to say that Supreme Court erred in determining that these allegations did not establish "oppressive action" by O'Hara.

Petitioner next argues that Supreme Court failed to provide him with any satisfactory form of relief and suggests that the

court should have mandated a buy out by O'Hara. A compulsory buy out, however, is an alternative to dissolution *(see,* Business Corporation Law § 1118; *Matter of Wiedy's Furniture Clearance Center Co., supra).* Where, as here, petitioner has failed to submit sufficient evidence to establish that dissolution is in order, the majority shareholders cannot be forced to buy out disgruntled shareholders *(see, Mardikos v Arger,* 116 Misc 2d 1028, 1032-1033).

Judgment affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.