■ JULIA KARDIS, as Administratrix of the Estate of JAMES M. KARDIS, Deceased, Appellant, v JAMES LENNON, Respondent.—In an action to recover moneys allegedly loaned to the defendant, the plaintiff appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated July 8, 1986, which granted the defendant's renewed motion for summary judgment dismissing the complaint, as barred by the Statute of Frauds.

Ordered that the order is reversed, on the law, with costs, and the renewed motion is denied.

The instant action was commenced by the plaintiff to recover the sum of $60,000 allegedly loaned to the defendant by the plaintiff's intestate. According to the the plaintiff, the moneys allegedly loaned were evidenced by a series of five checks made out to the defendant which were earmarked "For Loan" in the bottom left corner of the respective instruments. The checks were subsequently endorsed and deposited by the defendant and eventually cleared. The five checks contained the following dates and amounts: (1) February 2, 1977, in the amount of $10,000; (2) August 18, 1977, in the amount of $10,000; (3) September 30, 1977, in the amount of $10,000; (4) March 2, 1978, in the amount of $20,000; and (5) July 4, 1978, in the amount of $10,000. The defendant interposed several affirmative defenses including the affirmative defense of the Statute of Frauds. After issue was joined the plaintiff moved for summary judgment, and defendant cross-moved for the same relief.

In disposing of the plaintiff's motion and the defendant's cross motion for summary judgment, the court focused entirely on the affirmative defense of the Statute of Frauds interposed by the defendant. With respect to that issue, the court was of the view that (1) pursuant to *McDaniel v Sangenino* (67 AD2d 698), the five checks submitted by the plaintiff did not constitute a writing so as to satisfy the Statute of Frauds, and (2) in view of the strictures of the Dead Man's Statute (CPLR 4519) and the fact that the plaintiff had no personal knowledge of the terms of any oral loan agreement, there was "no evidence to raise even a question of fact as to whether the loan might be payable within one year" so as to bring the agreement outside the Statute of Frauds (General Obligations Law § 5-701 [a] [2]). Nevertheless, the court (Buschmann, J.), denied both the plaintiff's motion and the defendant's cross motion holding: "However, inasmuch as these facts may lie within the exclusive knowledge of the defendant (CPLR 3212 [f]), these motions are denied without prejudice to renewal following an examination before trial of defendant".

At the ensuing examination before trial of the defendant, the defendant testified that the decedent was not indebted to him at the time or prior to the receipt of the five checks. Thereafter, the defendant brought a renewed motion for summary judgment. The plaintiff, in opposition, submitted copies

of four promissory notes signed by the defendant, but which were blank as to the name of the payee.

By order dated July 8, 1986, the Supreme Court granted the defendant's renewed motion for summary judgment holding: "Pursuant to a prior decision of the Hon. Albert Buschmann, dated October 3, 1984, plaintiff was given an opportunity to examine the defendant so as to provide this court with the necessary facts to establish her cause of action. Inasmuch as no new evidence was revealed at the examination before trial, a question of fact does not exist concerning the possibility of payment of the loan within one year. Hence, the action is barred by the Statute of Frauds".

The defendant's renewed motion for summary judgment should have been denied. It is well settled that the written memorandum required to satisfy the Statute of Frauds may consist of several documents, only some of which are signed by the party to be charged, provided that they refer to the same transaction *(Crabtree v Arden Sales Corp.,* 305 NY 48). In the case at bar, the plaintiff produced four promissory notes signed by the defendant which, although blank as to the name of the payee, corresponded exactly to four of the checks produced by the plaintiff with regard to amounts, and, except for a one-day discrepancy in one instance, with regard to dates. Under these circumstances, an issue of fact was raised, which cannot be resolved on this record, as to whether the promissory notes executed by the defendant were given to the plaintiff's intestate in exchange for a loan or loans made by the plaintiff's intestate to the defendant in the amounts reflected in the checks. Accordingly, the defendant's renewed motion for summary judgment should have been denied. Mangano, J. P., Thompson, Kunzeman and Harwood, JJ., concur.