■ FRED J. SZELEGA et al., Individually and as Shareholders of FAREGA REALTY CORPORATION, Respondents, v DOLORES O'HARA et al., Appellants.—Casey, J. Appeal from a judgment of the Supreme Court (Coutant, J.), entered April 25, 1989 in

Broome County, upon a decision of the court, without a jury, in favor of plaintiffs.

This appeal constitutes the third time the parties have been before this court in litigation arising out of the ownership and control of defendant Farega Realty Corporation (hereinafter the corporation), a small corporation whose only asset is an apartment building (see, Matter of Farega Realty Corp. [Szelega], 132 AD2d 797; Matter of Szelega v Farega Realty Corp., 97 AD2d 874). Plaintiffs, as minority shareholders, commenced this derivative action when defendant Dolores O'Hara, an officer, director and the majority shareholder, obtained authorization for the corporation to execute a $159,-000 note and mortgage in her favor for the purpose of repaying the principal and interest on various loans to the corporation made by O'Hara. Following a nonjury trial, Supreme Court found, inter alia, that O'Hara had made payments to the corporation totaling $85,552.08 during the period 1970 to 1980 and that these payments were loans to be repaid upon demand. Supreme Court held that, as demand obligations, the Statute of Limitations began to run when the loans were made and that since six years had expired, the loans were unenforceable when O'Hara obtained authorization for the corporate note and mortgage. Thus, Supreme Court concluded, O'Hara breached her fiduciary duty to the corporation by placing her own interest over that of the corporation when she obtained the corporate note and mortgage in repayment of the unenforceable demand obligations.

On appeal, defendants claim that there were additional loans to the corporation and repayments by the corporation to O'Hara subsequent to January 1981, which would remove the Statute of Limitations problem. The record, however, supports Supreme Court's finding of no repayments, as well as its findings that all of the loans covered by the note and mortgage occurred during the period 1970 to 1980 and that the loans were demand obligations. The claim that there was a mutual or open running account between the corporation and O'Hara is also unsupported by the record, as found by Supreme Court, since there was no evidence of offsetting claims or mutual debits and credits (see, Donahue-Halverson, Inc. v Wissing Constr. & Bldg. Servs. Corp., 95 AD2d 953). Nor do we find any merit in defendants' claim that plaintiffs should be estopped from asserting the Statute of Limitations as a defense. Assuming that plaintiffs could be estopped from asserting a defense on behalf of the corporation (see, Evangelista v Longo, 13 AD2d 835), we find insufficient evidence of any

conduct by plaintiffs which would justify such a result, particularly since O'Hara clearly excluded plaintiffs from the management of the corporation during the relevant period. Defendants' claim that the loans were actually capital contributions has no support in the record, and we find no error in Supreme Court's order of an accounting. The judgment should be affirmed in its entirety.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.