■ In the Matter of NEW JERSEY TRANSIT RAIL OPERATIONS, Respondent, v COUNTY OF ROCKLAND et al., Respondents, and TOWN OF RAMAPO et al., Appellants.—Motions by the Town of Ramapo, Clara M. Williams and the East Ramapo Central School District, by the Town of Orangetown, and by the Nanuet Union Free School District and the South Orangetown Central School District, and cross motion by the Ramapo Central School District, for reargument of a decision and order of this Court dated August 20, 1990 [164 AD2d 912], which determined an appeal by the petitioner from stated portions of an order and judgment (one paper) of the Supreme Court, Rockland County, dated January 30, 1989.

Ordered that the motion and cross motion for reargument are granted, and upon reargument the decision and order of this Court dated August 20, 1990, is recalled and vacated, and the following decision and order is substituted therefor:

In a proceeding pursuant to CPLR article 78, inter alia, to remove clouds on the petitioner's title to certain parcels of real property resulting from the improper assessment of real property taxes and the filing of tax lien certificates on the subject property, New Jersey Transit Rail Operations appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Lange, J.), dated January 30, 1989, as dismissed the amended verified petition as time-barred insofar as asserted against the Town of Orangetown, Josette Polzella, Pearl River Union Free School District, South Orangetown Central School District, Nanuet Union Free School District, Ramapo Central School District, and Nyack Union Free School District.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The petitioner New Jersey Transit Rail Operations (hereinafter NJTRO) commenced this proceeding to obtain relief from the respondents' imposition of tax assessments upon certain parcels of property owned by NJTRO and allegedly operated by it for passenger rail service pursuant to joint service agreements with the Metropolitan Transportation Authority and Metro-North Commuter Railroad. NJTRO claimed that its property was entitled to tax-exempt status by virtue of Public Authorities Law § 1275 and that the municipalities therefore had no jurisdiction to tax the property. Relying upon the decision in *Solnick v Whalen* (49 NY2d 224), the Supreme Court dismissed the proceeding as time-barred under the four-month Statute of Limitations set forth in CPLR 217, reasoning that this limitations period was applicable regardless of whether NJTRO's claims were framed in a proceeding pursuant to CPLR article 78 or in a declaratory judgment action *(see, Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193; *Press v County of Monroe,* 50 NY2d 695; *Solnick v Whalen, supra).*

In *Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg* (78 NY2d 194), the Court of Appeals addressed the issue of a property owner's challenge to the "jurisdiction" of a taxing authority to impose a tax assessment upon a particular parcel of realty which was mandatorily exempt from taxation by statute. The Court of Appeals held that if taxing officers act without jurisdiction, their acts are illegal and void; such a void assessment may be challenged in a proceeding pursuant to CPLR article 78 or in a declaratory judgment action *(Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, supra,* at 205). The Court of Appeals expressly rejected the appellant's argument that such a declaratory judgment action is governed either by those cases which hold that an equity action to "clear a cloud on title" may be brought at any time or by the "catch all" six-year limitation of CPLR 213 (1). Accordingly, it held that the challenge to the assessment, to have been timely, needed to have been brought within four months from the time that the assessment became final, as required by CPLR article 78.

Similarly, in the instant case, NJTRO brought a proceeding pursuant to CPLR article 78 and CPLR 3001, seeking to compel the respondents to recognize the tax-exempt status of its New York real properties and for a declaration that its New York real properties are exempt from taxation. Since NJTRO failed to bring the action within the applicable four-month limitations period from the time that the assessment

became final as set forth in CPLR 217, the petition was properly dismissed as time-barred *(see, Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, supra; see also, Press v County of Monroe,* 50 NY2d 695, *supra; Solnick v Whalen,* 49 NY2d 224, *supra).*

On appeal, this Court reversed the order and judgment dated January 30, 1989, insofar as appealed from and remitted the matter to the Supreme Court for a determination on the merits. On the appeal from the order and judgment, the appellants raised the issue of the Statute of Limitations as a bar to NJTRO's petition. By order dated June 18, 1991, the Supreme Court, *inter alia,* granted summary judgment on the petition to NJTRO, and a judgment in favor of NJTRO was entered on July 18, 1991. This issue had been previously raised and decided adversely to the appellants by this Court on the prior appeal. However, in light of the recent Court of Appeals case of *Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg* (78 NY2d 194, *supra),* and since the matter is still pending, the points in the briefs of the parties to the latter appeal, which again raised the Statute of Limitations issue, were treated as applications for reargument of the prior appeal *(see, Foley v Roche,* 86 AD2d 887). We note that the Town of Ramapo and Clara M. Williams failed to raise the affirmative defense of Statute of Limitations in their answer and to move to dismiss the petition as time-barred. They may, if they be so advised, seek leave to amend their answer at the Supreme Court to assert the affirmative defense of the Statute of Limitations. Sullivan, J. P., Harwood, Balletta and Eiber, JJ., concur.