■ HARRY SKIADAS, Respondent, v JAMES TEROVOLAS et al., Appellants. [631 NYS2d 729] —In an action to recover the proceeds of a loan, the defendants appeal from (1) a decision of the Supreme Court, Nassau County (McCarty, J.), dated March 5, 1993, which held that the plaintiff's motion for summary

judgment should be granted, and (2) an order and judgment (one paper) of the same court, entered May 6, 1993, which granted the plaintiff's motion for summary judgment and is in favor of the plaintiff and against the defendants in the total sum of $69,506.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp., 100 AD2d 509)*; and it is further,

Ordered that the order and judgment is reversed, on the law, the motion for summary judgment is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that the appellants are awarded one bill of costs.

It is well settled that in order to obtain summary judgment the movant must make a "prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" *(Alvarez v Prospect Hosp., 68 NY2d 320, 324)*. We agree with the appellants' contentions that the plaintiff failed to make such a showing in this case. There remain questions of fact on this record as to whether the payments made by the plaintiff constituted loans or outright investments of capital. The plaintiff's conclusory assertion that the moneys in question constituted loans, and the documentary evidence submitted, are insufficient to establish, as a matter of law, that the payments were loans as opposed to investments *(see, Kardis v Lennon, 135 AD2d 613)*.

The documents submitted included the December 1985 financial statement for the partnership, which indicated that there were outstanding "loans payable" to seven of the partners, and that the amount payable to the plaintiff was $16,600. However, the plaintiff claimed he loaned the partnership $19,600 through the end of 1985, and attributed the $3,000 difference to "the accountant's erroneous credit of $3,000.00 to my capital account", thus conceding that the financial statement was not accurate. The 1986 financial statement for the partnership, which was also submitted, made no reference to a check for $10,000 which the plaintiff issued in 1986. Therefore, these documents were inconclusive.

Further, the notation which appeared on the front of the 1986 check for $10,000, "for temp loan", was also inconclusive, since it did "not unequivocally establish a promise made by the [appellant]" James Terovolas *(Farca v Farca, 216 AD2d 520)*.

Our dissenting colleague also refers to a letter dated March

17, 1986, from James Terovolas to the partners, which stated that he had "made arrangements" to repay the plaintiff and two other partners "all their money plus interest for their generous efforts". This letter failed to set forth any monetary amounts, made no reference to an interest rate, and made no reference to a date or dates when interest would start running. Further, the only indication that the money referred to constituted a loan was the reference to "interest". This letter was likewise an insufficient basis to grant summary judgment.

Since the plaintiff did not establish entitlement to judgment as a matter of law, the appellants had no obligation to submit evidentiary proof in admissible form sufficient to establish an issue of fact *(see, Alvarez v Prospect Hosp., 68 NY2d 320, 324, supra).* Nonetheless, the appellants submitted an affidavit from the appellant James Terovolas, specifically refuting each of the plaintiff's contentions. Our dissenting colleague characterizes this affidavit as "a self-serving denial". However, it is no more self-serving than the plaintiff's affidavits. It is well settled that questions of credibility should not be resolved on a motion for summary judgment *(see, Ansah v Pollack,* 181 AD2d 537; *Whiteford v Smith,* 168 AD2d 885; *Conde v Eric Serv. Corp.,* 158 AD2d 651; *Francis v Basic Metal,* 144 AD2d 634).

We further note that if the payments at issue are determined to be loans, there are additional questions of fact as to whether the plaintiff's claims are now time-barred *(see, Phoenix Acquisition Corp. v Campcore, Inc.,* 81 NY2d 138; *Szelega v O'Hara,* 159 AD2d 890, 891; *Estate of Vengroski v Garden Inn,* 114 AD2d 927). Although the appellants failed to plead the Statute of Limitations as an affirmative defense in their answer, leave to amend an answer should be freely given *(see, DeGradi v Coney Is. Med. Group,* 172 AD2d 582). Therefore, the appellants, upon remittitur, may, if they be so advised, move to amend their answer to assert the affirmative defense of the Statute of Limitations *(see, Matter of New Jersey Tr. Rail Operations v County of Rockland,* 187 AD2d 430). O'Brien, J. P., Goldstein and Florio, JJ., concur.

Hart, J., votes to affirm the order and judgment appealed from, with the following memorandum: I respectfully dissent from the majority and would hold that the Supreme Court did not err in granting summary judgment to the plaintiff.

Here the plaintiff made a prima facie showing of entitlement to judgment as a matter of law by the submission of documentary proof consisting of the financial statements, a cancelled check, and a letter from the defendant James Terovolas.

The financial statements dated December 1985 and December

1986, specifically stated that there were "loans" payable to the plaintiff in the amount of $16,600. Also, annexed to the plaintiff's moving papers was a copy of a letter from the defendant James Terovolas dated March 17, 1986, asserting that he had made arrangements to repay the plaintiff and others "all their money plus interest". In addition, the plaintiff submitted a copy of a check in the amount of $10,000 dated August 27, 1986, upon which James Terovolas admitted that he had inscribed the legend "for temp loan". Finally, the plaintiff proffered a reasonable excuse for the $3,000 difference in the financial statements and the amount of his demand as a mistake by the partnership's accountant in erroneously crediting a $3,000 loan to his capital account.

Once the proponent of summary judgment satisfies his burden of establishing a prima facie case, the burden shifts to the opponent to come forward with some proof, in admissible form, that there is a genuine issue of material fact which precludes the granting of summary judgment *(see, Israelson v Rubin,* 20 AD2d 668, *affd* 14 NY2d 887).

Here, James Terovolas's affidavit, consisting of a self-serving denial that the funds advanced by the plaintiff constituted contributions of additional capital investment funds is unsupported by any documentation and is insufficient to defeat summary judgment. Moreover, the defendants have failed to submit any opposition to the plaintiff's submission of the partnership's financial statements and the letter of James Terovolas asserting that he had made the appropriate arrangements for repayment of the plaintiff's "money plus interest".

Accordingly, the defendants' proof, consisting of a conclusory denial wholly unsupported by any proof, without more, is insufficient to defeat summary judgment.

Turning now to the majority's opinion that there are questions of fact as to whether the plaintiff's claims are time-barred, CPLR 3211 (a) (5) and (e) specifically provide that a defendant may move at any time "before service of the responsive pleading is required", to dismiss one or more causes of action asserted against him on the ground that "the cause of action may not be maintained because of * * * statute of limitations". In addition CPLR 3211 (e) specifically states that "[a]ny objection or defense based upon a ground set forth in paragraph * * * five * * * of subdivision (a) is waived unless raised either by such motion or in the responsive pleading". In other words, use it or lose it.

When the original answer omits an objection or defense under CPLR 3211 (a), the defendant who does not include the

defense in an of-right amendment under CPLR 3025 (a), may, absent prejudice and upon good cause shown, seek leave of the court under CPLR 3025 (b) to amend his or her pleading to include the omitted defense. Leave to amend under CPLR 3025 (b) is not automatic, but rather, is within the court's discretion. However, in the case at bar, the defendants failed to make the appropriate motion for such relief and merely asserted the purported defense in opposition to the plaintiff's motion for summary judgment.

Therefore, insofar as the defendants have failed to raise the Statute of Limitations defense in either a preanswer motion or in their answer, and have failed to make the appropriate motion for relief to amend their answer to include the Statute of Limitations defense, they have waived such defense and there are no genuine questions of fact as to whether the plaintiff's claims are now time-barred so as to preclude the granting of summary judgment.

Accordingly, I would affirm the order and judgment of the trial court granting the plaintiffs' motion for summary judgment and awarding him the sum of $29,600, plus interest, for a total sum of $69,506.