■ ROBERT GILLIGAN, Plaintiff, v BRIAR HILL LANES, INC., et al., Defendants. (Action No. 1.) ROBERT GILLIGAN, Respondent, v JOSEPH T. MELIAN, Appellant. (Action No. 2.) [673 NYS2d 711] —In an action to recover the surplus from the liquidation of corporate stock pledged as collateral and a related action for, *inter alia,* an accounting, the defendant in Action No. 2 appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Wood, J.H.O.), entered January 6, 1997, as, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $38,400.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contention, the trial court properly concluded that UCC 9-505 (2) was applicable to this case. Pursuant to UCC 9-505 (2), a secured party must provide written notice to the defaulting debtor of an election to retain collateral in satisfaction of the debt. The appellant failed to provide the requisite written notice and therefore did not become the legal owner of the plaintiff's stock, which was pledged as collateral for a loan (*see, MTI Sys. Corp. v Hatziemanuel,* 151 AD2d 649, 650; *Matter of Szelega v Farega Realty*

*Corp.,* 97 AD2d 874, 875). Since the plaintiff retained owner-ship of the stock (*see, Matter of Szelega v Farega Realty Corp., supra*), the plaintiff, and not the appellant, was entitled to the surplus which remained after satisfaction of the debt when the corporate assets were sold and the corporation was dissolved.

The appellant's remaining contention is without merit. Man-gano, P. J., Thompson, Santucci and Altman, JJ., concur.