■ In the Matter of the Dissolution of RENCOR CONTROLS, INC., Appellant-Respondent. COREY L. SIMPSON, Respondent-Appellant. [693 NYS2d 717] —Carpinello, J. Cross appeals from an order of the Supreme Court (Dier, J.), entered June 11, 1998 in Washington County, which, in a proceeding pursuant to Business Corporation Law article 11, *inter alia*, denied respondent's motion to dismiss the petition.

The issue presented for review in this proceeding for judicial dissolution of a closely held corporation (Rencor Controls, Inc.) is whether the allegations in the petition as supplemented by an affidavit were sufficient to survive a motion to dismiss. Supreme Court found that petitioner, a minority shareholder, failed to prove any oppressive conduct, a requirement for dissolution under Business Corporation Law § 1104-a, but nonetheless retained jurisdiction of the matter to afford Patrick Herlihy, the majority shareholder, "an opportunity to buy out petitioner". While we agree with Supreme Court's finding that petitioner failed to prove oppressive conduct, we disagree that the court has the power to retain jurisdiction over the matter. Accordingly, we reverse.

Petitioner is a 45% shareholder of Rencor. All of the remaining outstanding shares are owned by Herlihy. The record reflects that in 1985, petitioner and Herlihy started the business that ultimately became Rencor from scratch, each devoting his full-time efforts to build the business. In late October 1997, petitioner resigned as a Rencor employee and obtained alternate employment out of State. A few months later, in his petition for dissolution, he alleged, *inter alia*, that Herlihy engaged in oppressive conduct by denying him access to corporate financial information and looted corporate assets by causing Rencor to make substantial loan payments to Herlihy even though "no similar payment[s]" were made to petitioner on like loans. He also alleged that corporate funds had been misused to purchase personal items for Herlihy.

In addition to answering the petition, Rencor moved to dismiss, attaching detailed affidavits from Herlihy and the corporate accountant, explaining that all of its financial books and records were available to petitioner at the corporate offices for review at "anytime".* With respect to the loan payments, Herlihy denied any impropriety in the repayment of personal funds lent to Rencor. In fact, the record reveals that the corporate promissory notes reflecting Rencor's *reduced indebt-*

* A requirement, we note, which is imposed by statute, operative within 30 days after the filing of a dissolution petition (*see*, Business Corporation Law § 1104-a [c]).

*edness* to Herlihy were signed by petitioner himself, negating at the very least any intent on Herlihy's part to conceal these transactions. Significantly, the record is also devoid of any demand by petitioner for repayment on *his* notes or that such a demand, if made, was ever refused. As far as the purchase of a personal item for Herlihy with corporate funds, this was explained as an inadvertent "accounting error" which was corrected by being properly posted to Herlihy's personal loan account when brought to his attention.

Most telling is the affidavit submitted by petitioner in response to the motion to dismiss. Aware that a "summary determination" of his petition was at issue, he addresses only failed buy out negotiations between the parties and the fact that his salary had been suspended, an event which clearly occurred after petitioner had "agreed" to resign and after the parties had begun to discuss the tender of his shares. He offered no proof of oppressive conduct or looting beyond the conclusory allegations of the petition which at that point had been factually refuted by Rencor's motion papers. Petitioner's failure to "lay bare [any] proof[ ] of evidentiary facts showing that there is a bona fide issue requiring a trial" (*Hanson v Ontario Milk Producers Coop.*, 58 Misc 2d 138, 142) required that the motion be granted.

Additionally, where there has been a failure to submit sufficient evidence to establish that dissolution is in order, "the majority shareholder[ ] cannot be forced to buy out [the] disgruntled shareholder[ ]" (*Matter of Farega Realty Corp.*, 132 AD2d 797, 799). With petitioner having failed to prove that dissolution was appropriate, Supreme Court erroneously afforded Herlihy "an opportunity to buy out petitioner" at a price to be determined by the court if the parties could not agree on the value of same. Notwithstanding Supreme Court's salutary intent, the petition should have been dismissed in its entirety.

Peters, J. P., Spain and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and petition dismissed.