■ J. LEONARD SPODEK, Appellant, v JOSHUA FEIBUSCH et al., Respondents. [701 NYS2d 91] —In a consolidated action for a judicial accounting of certain partnerships, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated December 31, 1997, as denied that branch of his motion which was for partial summary judgment, and (2) from an order of the same court dated April 17, 1998, which denied his motion, in effect, for reargument.

Ordered that the appeal from the order dated April 17, 1998, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 31, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The Supreme Court properly denied that branch of the plaintiff's motion which was for partial summary judgment. In support of his claim that the respondents owed him distributions from various dissolved partnerships, the plaintiff submitted financial schedules allegedly prepared by his bookkeeper and his accountant. The schedules were not verified or certified, and the plaintiff did not submit an affidavit of either his bookkeeper or his accountant. By failing to submit evidence in admissible form, the plaintiff failed to establish his entitlement to judgment as a matter of law (see, CPLR 3212 [b]). Contrary to the plaintiff's contention, since he did not establish his entitlement to judgment as a matter of law, the respondents had no obligation to submit evidentiary proof in admissible form sufficient to establish an issue of fact (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324; Skiadas v Terovolas, 219 AD2d 635). S. Miller, J. P., Ritter, Altman and H. Miller, JJ., concur.