■ HERMANN TRETTER, Appellant, v AGNES TRETTER et al., Respondents. [864 NYS2d 178]—

In an action, inter alia, for partition, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered August 14, 2007, which denied his motion to amend stated portions of an order and judgment (one paper) of the same court (Shapiro, J.), dated January 17, 2001, and granted the defendant's cross motion for an order directing, among other things, that $50,000 in a certain bank account be deemed a loan and (2), as limited by his brief, from so much of an order of the same court (O. Bellantoni, J.), entered October 25, 2007, as denied that branch of his motion which was for leave to renew the prior motion and which, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered August 14, 2007, is dismissed, as that order was superseded by so much of the order entered October 25, 2007, as was made upon reargument; and it is further,

Ordered that the order entered October 25, 2007, is modified, on the law, by deleting the provision thereof which, upon reargument, adhered to so much of the original determination as granted the cross motion of the defendant, and substituting therefor a provision, upon reargument, vacating so much of the original determination as granted the cross motion, and thereupon, denying the cross motion; as so modified, the order entered October 25, 2007, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff, Hermann Tretter, and the defendant Agnes Tretter are shareholders in Commuters Café, Inc. (hereinafter Commuters Café), a now-defunct corporation which, until September 11, 2001, operated a bar in the World Trade Center. In 2000 the parties entered into a stipulation of settlement with respect to a lawsuit which, inter alia, sought partition of jointly-owned real property. In January 2001 the plaintiff moved to enforce the settlement, and thereafter an order and judgment was entered (hereinafter the 2001 order) which, in accordance with the stipulation of settlement, among other things, stated that the plaintiff and the defendant agreed to "execute those bank documents necessary to reflect that AGNES TRETTER is an authorized signatory on all bank . . . accounts maintained by [Commuters Café]; and . . . [a]ll checks drawn by [Commuters Café], as payer, shall require two (2) signatures."

In 2007 the plaintiff moved to amend the 2001 order to provide that he would henceforth be the sole signatory on the

Commuters Café bank account. He alleged that, after the destruction of the World Trade Center, the sole asset of Commuters Café was a bank account containing insurance proceeds and that the defendant refused to cosign any checks on that account so that taxes could be paid and the balance could be distributed to the shareholders. The defendant opposed the motion and cross-moved to compel the plaintiff to "recognize" that $50,000 of the balance in the bank account constituted the proceeds of a loan to Commuters Café from "funds [which] were the sole ownership of Herman[n] Tretter [plaintiff] and my late husband," and thus, that said sum should not be included in the assets of the corporation for tax purposes. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion.

Thereafter, the plaintiff moved for leave to reargue and renew his motion and his opposition to the cross motion. The Supreme Court granted that branch of the plaintiff's motion which was for leave to reargue, but upon reargument, adhered to its original determination; it denied that branch of the plaintiff's motion which was for leave to renew. We modify.

The Supreme Court correctly concluded that the plaintiff failed to establish a sufficient basis for amending the January 2001 order, entered upon his own motion, so as to make him the only signatory to the corporate account. However, the court erred in finding that the defendant had submitted proof sufficient to establish that $50,000 of the funds held in the account constituted the proceeds of a loan or loans to Commuters Café (*see Skiadas v Terovolas,* 219 AD2d 635, 636-637 [1995]; *cf. Spodek v Feibusch,* 267 AD2d 299 [1999]). Thus, although the court properly denied the plaintiff's motion, it also should have denied the defendant's cross motion.

Moreover, the Supreme Court properly denied so much of the plaintiff's motion which was for leave to renew inasmuch as the plaintiff did not provide a reasonable justification for his failure to present on his original motion the new facts upon which he relied (*see* CPLR 2221 [e] [3]; *see Weitzenberg v Nassau County Dept. of Recreation & Parks,* 53 AD3d 653 [2008]).

The plaintiff's remaining contention is without merit. Fisher, J.P., Balkin, McCarthy and Chambers, JJ., concur.