OPINION OF THE COURT
John R. LaCava, J.
This is a Real Property Tax Law articles 4 and 7 and CPLR article 78 proceeding, challenging the denial by the City of Mount Vernon (City) of the real property tax exemption sought by petitioner Metropolitan Transportation Authority (MTA), for the tax years 2009 and 2010, for the premises designated on the City tax map as section 164.68, block 1058, lots 2.2 and 3, and known as and located at 10 and 22 Macquesten Parkway, Mount Vernon, New York (the subject premises).
Petitioner MTA is a public benefit corporation and public authority pursuant to Public Authorities Law article 5, with principal offices located at 347 Madison Avenue, New York, New York. In 2006, MTA entered into a lease with the owner of the subject premises, OTR Properties, for the purpose of providing an MTA Police Department station in furtherance of its commuter railroad business. On August 4, 2009, MTA requested that the City grant an exemption for the subject premises pursuant to Public Authorities Law § 1275. In September of that year, the City Comptroller responded simply that OTR, the owner of the premises, was not a tax-exempt entity. MTA then corresponded with the City Corporation Counsel, who directed the MTA to contact the City Assessor. The latter informed the MTA, in November 2009, that grant of the exemption was in his discretion, and that he was consulting an expert on the MTA’s request. No City agency or officer has since contacted the MTA *472 regarding the August request for an exemption; upon issuance of the next 2009 tax bill, the instant proceedings then ensued.*
Petitioner now moves for judgment, arguing that the City has erroneously denied the application. Petitioner notes the lease of the property by the MTA from OTR for exclusive use as a police station, which station is a use for the service of its railroad passengers. The City argues in opposition to the article 78 proceeding that this proceeding is time-barred, as commenced more than four months following notice of the City’s determination, which determination was the letter regarding OTR’s nonexempt status. MTA replies that this letter was not a determination on the merits of the exemption application, since the Corporation Counsel referred the MTA to the Assessor, who took the application under advisement pending consultation with an expert. No determination, in fact, was ever received from the City at all, with the exception of publication of the 2009 tax bill in early 2010; MTA asserts that it instituted the article 78 action in a timely manner following receipt of the tax bill.
The City’s Defense of Untimeliness
MTA properly argues that it received no final determination on the merits of its application for an exemption from the City prior to the issuance of tax bills in 2010. The letter cited by the City in asserting earlier notice simply ignored the basics of MTA’s application — that, as a Public Authority, it is entitled to an exemption for leased property devoted to Authority business (here, a police station). The letter, curiously, merely acknowledged ownership by OTR, an entity not entitled to an exemption, without addressing at all the tax-exempt nature of leased premises under Public Authorities Law § 1275 (as set forth in greater detail below). The time within which to commence a proceeding pursuant to CPLR article 78 begins to run when the determination by the municipality became final (see Matter of New Jersey Tr. Rail Operations v County of Rockland, 187 AD2d 430 [2d Dept 1992]). The determination here became final upon receipt by MTA of the 2009 tax bill in 2010. Hence, since MTA concededly commenced the proceeding pursuant to article 78 soon after receipt of that bill, this proceeding is timely.
*473 Exemption Pursuant to Public Authorities Law § 1275
RPTL 412 provides: “Real property owned by public authorities enumerated in the public authorities law shall be entitled to such exemption as may be provided therein.” Public Authorities Law § 1275 is part of title 11 of article 5 of that statute, which title established the Metropolitan Transportation Authority. Public Authorities Law § 1275 provides:
“Exemption from taxation
“It is hereby found, determined and declared that the creation of the authority and the carrying out of its purposes is in all respects for the benefit of the people of the state of New York and for the improvement of their health, welfare and prosperity and is a public purpose, and that the authority will be performing an essential governmental function in the exercise of the powers conferred upon it by this title. Without limiting the generality of the following provisions of this section, property owned by the authority, property leased by the authority and used for transportation purposes, and property used for transportation purposes by or for the benefit of the authority exclusively pursuant to the provisions of a joint service arrangement or of a joint facilities agreement or trackage rights agreement shall all be exempt from taxation and special ad valorem levies.”
Notably, the City does not contest this, nor that Public Authorities Law § 1261 defines “transportation facilities” and, in particular, “railroad facilities” to include premises which serve as a station for the MTA Police.
As MTA also properly argues, unlike RPTL article 4, title 2 (relating to private property for which an application for an exemption is necessary), public property under RPTL article 4, title 1, such as that described in Public Authorities Law § 1275, is simply exempt, and there is no application procedure for securing said exemption. Rather, the property is already entitled to an exemption (“property leased by the authority and used for transportation purposes . . . shall ... be exempt from taxation” [Public Authorities Law § 1275]), and the authority seeking the exemption must merely advise the municipality or taxing authority regarding the property status to claim the exemption. Thus, MTA properly sought exemption for the subject property by advising the City that OTR had leased the property to it, and that it was being used for railroad purposes; *474 absent proof (not offered here by the City) that the property was not being used for railroad purposes, the exemption should simply have been granted to MTA for the subject premises.
Based upon the foregoing, it is hereby ordered, that the petition pursuant to CPLR article 78 by petitioner challenging the denial by respondent of its application for an exemption pursuant to RPTL 412 and Public Authorities Law § 1275 is hereby granted; and it is further ordered, that respondent City shall grant the tax exemption sought by petitioner pursuant to RPTL 412 and Public Authorities Law § 1275, for the premises designated on the City tax map as section 164.68, block 1058, lots 2.2 and 3, and known as and located at 10 and 22 Macquesten Parkway, Mount Vernon, New York, for tax assessment years commencing in tax year 2009; and it is further ordered, that the assessment rolls are to be corrected accordingly, and overpayments of taxes, if any, are to be refunded with interest; and it is further ordered, that the petition pursuant to RPTL articles 4 and 7 by petitioner, challenging the denial by respondent of its application for an exemption pursuant to RPTL 412 and Public Authorities Law § 1275, for the tax year 2010, is hereby dismissed as mooted by the grant of the above relief.

 Petitioner initially challenged the denial of the exemption request pursuant to CPLR article 78; it has since also commenced an RPTL articles 4 and 7 proceeding seeking the same relief for the subsequent tax assessment.