Separate appeals and a cross appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Daniel Martin, J.), dated September 8, 2014. The order and judgment, insofar as appealed from, upon an order of that court dated March 4, 2013, granted that branch of the motion of the Town of Babylon which was for summary judgment dismissing, as time-barred, so much of the counterclaim of the Metropolitan Transportation Authority and the Long Island Rail Road Company as sought a declaration that the subject property was tax exempt for tax years 2007/2008, 2008/2009, and 2009/2010 and granted that branch of the motion of Pinelawn Cemetery which was for summary judgment on so much of its breach of contract cause of action asserted against the Metropolitan Transportation Authority and the Long Island Rail Road Company as sought payment of the real property taxes assessed against the subject property by the Town of Babylon for the tax years 2007/2008, 2008/2009, and 2009/2010. The order and judgment, insofar as cross-appealed from, upon the order dated March 4, 2013, denied that branch of the motion of the Town of Babylon which was for summary judgment dismissing so much of the counterclaim of the Metropolitan Transportation Authority and the Long Island Rail Road Company as sought a declaration that the subject property was tax exempt commencing with the tax year 2010/2011 and, upon searching the record, awarded summary judgment to the Metropolitan Transportation Authority and the Long Island Rail Road Company on that portion of their counterclaim, and declared that the subject property was tax exempt commencing with the tax year 2010/2011.
 

 Ordered that the appeal by the New York and Atlantic Railway is dismissed, as that party is not aggrieved by the order and judgment appealed from (see CPLR 5511); and it is further,
 

 Ordered that the order and judgment is affirmed insofar as appealed from by the Metropolitan Transportation Authority and the Long Island Rail Road Company and insofar as cross-appealed from; and it is further,
 

 Ordered that one bill of costs is awarded to Pinelawn Cemetery payable by the Metropolitan Transportation Authority and the Long Island Rail Road Company.
 

 Pinelawn Cemetery (hereinafter Pinelawn) owns two parcels of real property which were each separately leased by the Long Island Rail Road Company (hereinafter the LIRR), a subsidiary of the Metropolitan Transportation Authority (hereinafter the MTA). The LIRR constructed two railroad tracks on the two parcels (hereinafter the subject property). The leases, entered into in 1904 and 1905, permitted the LIRR to lease the parcels for a term of 99 years, with an option to renew each lease for a second term of 99 years. Both leases apparently have been renewed. Under the terms of both leases, the LIRR agreed to pay all taxes assessed against the subject property. In 1996, the LIRR transferred its freight operations, including its use of the subject property, to Southern Empire State Railroad Company, the predecessor in interest to the New York and Atlantic Railway (hereinafter NYAR). In 2002, the NYAR subleased the subject property to Coastal Distribution, LLC (hereinafter Coastal), which uses the site as a transloading facility to transfer freight between railroad cars and trucks.
 

 Prior to 2007, the Town of Babylon considered the subject property to be exempt from real property taxes pursuant to Public Authorities Law § 1275. However, in 2007, the Town placed the subject property on the taxable section of the Town’s assessment roll beginning with tax years 2007/2008 and subsequent years, and issued tax bills to Pinelawn for the subject property. Pinelawn made written demands to the MTA and the LIRR for payment of those tax bills, which it maintains they were obligated to pay pursuant to the terms of the leases. After the MTA and the LIRR failed to remit any payments, Pinelawn commenced this action against the MTA and the LIRR (hereinafter together the MTA parties), among others. In the second amended complaint, Pinelawn asserted three causes of action seeking, inter alia, damages for breach of contract for the MTA parties’ failure to pay the property taxes assessed on the subject property in accordance with the terms of the leases and a judgment declaring that the MTA parties were obligated to pay the property taxes assessed on the subject property. The MTA parties asserted a counterclaim against Pinelawn and the Town seeking a judgment declaring that the Town had no authority to assess taxes upon the subject property and that the subject property was exempt from taxation pursuant to Public Authorities Law § 1275. Subsequently, Pinelawn moved for summary judgment on the complaint and the Town separately moved for summary judgment dismissing the MTA parties’ counterclaim insofar as asserted against it.
 

 In an order dated March 4, 2013, the Supreme Court granted that branch of the Town’s motion which was for summary judgment dismissing so much of the MTA parties’ counterclaim as related to tax years 2007/2008, 2008/2009, and 2009/2010 as time-barred. The court also granted that branch of Pinelawn’s motion which was for summary judgment on so much of its breach of contract cause of action asserted against the MTA parties as sought payment of the real property taxes assessed against the subject property for the tax years 2007/2008, 2008/ 2009, and 2009/2010. Additionally, the court denied that branch of the Town’s motion which was for summary judgment dismissing so much of the MTA parties’ counterclaim as sought a declaration that the subject property was tax exempt pursuant to Public Authorities Law § 1275 commencing with the tax year 2010/2011, and, upon searching the record, awarded summary judgment to the MTA parties on that portion of their counterclaim. An order and judgment dated September 8, 2014, was entered upon the order, inter alia, declaring that the subject property was tax exempt commencing with the tax year 2010/2011. The MTA parties appeal and the Town cross-appeals from the order and judgment.
 

 Contrary to the MTA parties’ contentions, the Supreme Court properly determined that their counterclaim challenging the Town’s withdrawal of a previously afforded tax exemption under Public Authorities Law § 1275 was subject to the four-month statute of limitations applicable to proceedings pursuant to CPLR article 78 (see CPLR 217; Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 204-205 [1991]; Turtle Is. Trust v County of Clinton, 125 AD3d 1245, 1246 [2015]; Matter of New Jersey Tr. Rail Operations v County of Rockland, 187 AD2d 430 [1992]). Further, it is undisputed that the MTA parties’ counterclaim was not interposed within the applicable four-month limitations period from the dates that the tax assessments for tax years 2007/ 2008, 2008/2009, and 2009/2010 became final. In opposition, the MTA parties failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Consequently, the Supreme Court properly granted that branch of the Town’s motion which was for summary judgment dismissing so much of the MTA parties’ counterclaim as related to tax years 2007/2008, 2008/2009, and 2009/2010 as time-barred (see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d at 205; Matter of New Jersey Tr. Rail Operations v County of Rockland, 187 AD2d at 431-432).
 

 The Supreme Court also properly granted that branch of Pinelawn’s motion which was for summary judgment on so much of its breach of contract cause of action asserted against the MTA parties as sought payment of the real property taxes assessed against the subject property for the tax years 2007/ 2008, 2008/2009, and 2009/2010. Pinelawn established its prima facie entitlement to judgment as a matter of law based upon the express terms of the 1904 and 1905 leases and the MTA parties’ failure to pay the taxes duly imposed by the Town upon the subject property for tax years 2007/2008, 2008/2009, and 2009/2010 (see South Rd. Assoc., LLC v International Bus. Machs. Corp., 4 NY3d 272, 277 [2005]; W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; Trinity Church v Higgins, 48 NY 532, 532 [1872]). In opposition, the MTA parties failed to raise a triable issue of fact as to whether the taxes imposed for tax years 2007/2008, 2008/2009, and 2009/2010 were illegal and void since they failed to timely challenge the tax assessments for those tax years (see Alvarez v Prospect Hosp., 68 NY2d at 324).
 

 The Supreme Court also correctly determined that the subject property, which is leased by the MTA parties and used for transportation purposes, is tax exempt under Public Authorities Law § 1275 commencing with the tax year 2010/ 2011 (see Public Authorities Law §§ 1261, 1275; Metropolitan Transp. Auth. v City of New York, 70 AD2d 551, 551 [1979]). Accordingly, the Supreme Court properly denied the Town’s motion for summary judgment dismissing so much of the MTA parties’ counterclaim as sought a declaration that the subject property was tax exempt pursuant to Public Authorities Law § 1275 commencing with the tax year 2010/2011 and, upon searching the record, awarded summary judgment to the MTA parties on that portion of their counterclaim, and declared that the subject property was tax exempt commencing with the tax year 2010/2011.
 

 Rivera, J.P., Chambers, Duffy and Iannacci, JJ., concur.